# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

_____

DUSTIN HIGGS,

               Petitioner-Appellant,

          v.

T.J. WATSON, Warden,
Federal Correctional Complex, Terre Haute,

               Respondent-Appellee.

_____

)
)
)
)
)
)
)
)
)
)
)
)

Appeal No. 21-1073


**DEATH PENALTY CASE**

*EXECUTION SCHEDULED
FOR JANUARY 15, 2021*

_____

## REPLY IN SUPPORT OF APPELLANT'S
## EMERGENCY MOTION TO STAY EXECUTION
## PENING DISPOSITION OF APPEAL

_____

Appellant, Dustin Higgs, by and through undersigned counsel, respectfully

submits this reply to the Government's opposition to Mr. Higgs's Emergency

Motion to Stay Execution Pending Disposition of Appeal.

## ARGUMENT

### I.    Mr. Higgs Has Not Engaged in Strategic Delay.

The government argues that Mr. Higgs should not be granted a stay because

he delayed filing his § 2241 petition until a month before his scheduled execution,

even though he uncovered the evidence underlying his *Brady* claim eight years

ago. Resp at 1. This argument is meritless because it ignores the other efforts Mr. Higgs has made to uncover suppressed evidence and litigate his claims.

After discovering the suppressed evidence in 2012, Mr. Higgs did not sit on his hands. He filed a motion in the District Court of Maryland seeking to set aside his final judgment under Federal Rule of Civil Procedure 60(d) due to fraud on the court. The 60(d) motion argued that the Government did not disclose all of the benefits received prior to trial by the Government's key witness, cooperating co-defendant Victor Gloria. In particular, the motion alleged Mr. Gloria was a suspect in an unrelated state murder prosecution, but that he was not charged after federal prosecutors and agents intervened on his behalf, and that the Government never disclosed these facts. The motion was denied by the district court, *United States v. Higgs*, 193 F. Supp. 3d 495 (D. Md. 2016) (*Higgs-4*), and a COA was again denied in the Fourth Circuit, *Higgs v. United States*, No. 16-15 (4th Cir. 2017). The Supreme Court denied certiorari. *Higgs v. United States*, 138 S. Ct. 2572 (2018) (Mem.).

After his effort to re-open the initial 2255 did not succeed, Mr. Higgs turned to the Freedom of Information Act to seek additional evidence of the government's suppression of exculpatory evidence. He filed a lawsuit seeking to obtain documents contained in his police investigative file. The parties' cross-motions for summary judgment were each granted in part and denied in part in this Court. *See*

ECF No. 73, *Higgs v. United States Park Police*, No. 2:16-cv-96-JMS-MJD (S.D. Ind. June 25, 2018). The Seventh Circuit granted the Government's cross-appeal and determined that the Government was not obliged to turn over any additional documents to Mr. Higgs. *Higgs v. United States Park Police*, 933 F.3d 897, 900 (7th Cir. 2019).

In the meantime, as set forth in the stay petition, Mr. Higgs continued to pursue other challenges to his convictions and sentences. And shortly after the Government set a date for his execution, he filed the § 2241 petition at issue here.

This history refutes the Government's assertion of last minute gamesmanship. Mr. Higgs has diligently and continuously tried to uncover and litigate claims based on the Government's suppression of exculpatory information. A stay should not be denied on these grounds.

## II. Mr. Higgs Has Demonstrated a Likelihood of Success on the Merits of his *Brady* Claim.

The Government argues that Mr. Higgs's *Brady* claim was already "fully" litigated on the merits during his initial § 2255 petition (Govt. Opp. at 15), but the Court should not be misled by such an assertion. While Mr. Higgs did raise a Brady claim during § 2255 proceedings, it was woefully unsupported – due to the Government's continued suppression of the evidence – and based on *only one page* of discovery. Now that Mr. Higgs has uncovered more than 600 additional pages of discovery supporting his *Brady* claim – including detailed correspondence between

federal and Baltimore authorities regarding the Route 197 murders[1] – the Government seeks to rely on the § 2255's court's decision, even though that decision was made based on 1/600th of the larger *Brady* picture. The § 2255 court, which never held an evidentiary hearing, could not have reached an informed *Brady* decision when it was not presented with the substantial evidence the Government hid from Mr. Higgs for more than a decade.

Nor is the Government's reliance on Mr. Higgs's unsuccessful efforts to litigate his *Brady* claims through Rule 60(d) any more availing. Indeed, as the Indiana district court observed in its opinion, presentation of Mr. Higgs's Brady evidence through his Rule 60(d) motion in Maryland did not "cure [the] potential prejudice created by not having had the evidence available to use at trial or during the original 2255 proceeding. Rule 60(d) requires a showing of fraud on the court and does not provide a 'full and fair opportunity to contest [a] conviction.'" *See* Order, *Higgs v. Watson*, No. 2:20-cv-00665-JPH-DLP (S.D. Ind. Jan. 12, 2021), ECF No. 21 (citing *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007)). The Government seeks to deny Mr. Higgs a "full and fair opportunity to contest [his] conviction" and capitalize on its unconstitutional misconduct by exploiting the

---

[1]     The correspondence and notes showed that, *inter alia*, federal authorities knew that Mr. Gloria was a prime suspect in the Baltimore murder, that Mr. Gloria knew that federal authorities were in contact with Baltimore decision makers about those murder, and that federal authorities provided Baltimore authorities with reasons why not to charge, or even interview, Mr. Gloria – a suggestion which Baltimore authorities followed.

leaks in § 2255 that the savings clause and § 2241 were designed to plug. This Court should not reward the Government's efforts.

The Government argues that Petitioner would "expand the narrow path in *Webster* until it is unrecognizable." It views as essential the fact that Congress could not have anticipated the *Atkins* rule of categorical ineligibility for a death sentence at the time it enacted the savings clause. In contrast, *Brady* had been long decided at that time. Resp. at 21-22.

This line of argument confuses the facts of *Webster* with its holding. In that case, to be sure, the *Webster* court explained how a "lacuna" in the statute prevented the petitioner from having any avenue of relief under § 2255. *Webster v. Daniels*, 784 F.3d 1123, 1138 (7th Cir. 2015). But the general principle on which *Webster* based its decision, which the government itself cites elsewhere in its pleading, applies equally to Mr. Higgs: section 2241 becomes available to a litigant who demonstrates "some kind of structural problem with section 2255" that bars the path to relief under 2255(h). *See* RB at 13 (citing *Webster* 784 F.3d at 1136). As discussed at greater length in Mr. Higgs's motion for stay, an equivalent structural problem bars relief for litigants in his position, who uncover material exculpatory evidence that police and prosecutors have managed to hide through trial, direct review, collateral review, and beyond. To contend, as the government does and the district court did, that section 2255 review is available to such

5

petitioners is to ignore plainly obvious reality. No Brady claim is available before

someone uncovers the suppressed evidence.

# CONCLUSION

For the foregoing reasons, and those explained in his motion for stay of execution pending disposition of appeal, Mr. Higgs respectfully requests that the Court stay his execution pending its consideration of his 2241 *Brady* appeal.

Respectfully submitted,

/s/ Matthew C. Lawry

Matthew C. Lawry, Pa. Bar No. 87221
Assistant Federal Defender
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Matthew_Lawry@fd.org

Dated:     January 15, 2021

# CERTIFICATE OF SERVICE

I, Matthew Lawry, hereby certify that on this 15th day of January, 2021, the foregoing was filed electronically through ECF/CM. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Ellen Nazmy
Sandra Wilkinson
Assistant United States Attorneys
Office of the United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, MD 21201


/s/ Matthew C. Lawry
Matthew C. Lawry