**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 13, 2021*
Decided January 15, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*



No. 21-1073

| | |
|---|---|
| DUSTIN J. HIGGS,<br>    *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:20-cv-665 |
| T. J. WATSON, *Warden*,<br>    *Respondent-Appellee*. | James P. Hanlon,<br>*Judge*. |

**O R D E R**

For his role in the kidnapping and murder of three young women on federal property in 1996, Dustin Higgs received nine death sentences and a 45-year consecutive prison term. The government has scheduled his execution for today, January 15, 2021.

Late last year, while confined in the U.S. Penitentiary in Terre Haute, Indiana, Higgs filed a *pro se* § 2241 petition in the Southern District of Indiana. He then filed a

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

second amended petition with the assistance of counsel, alleging that the government suppressed evidence during his trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Higgs accompanied his petition with a motion for a stay of execution. The district court denied the stay request on January 12, 2021, and Higgs now appeals. We affirm.

## I
### A

In January 1996 Dustin Higgs participated in the kidnapping and murder of Tanji Jackson, Tamika Black, and Mishann Chinn at the Patuxent National Wildlife Refuge in Maryland. Federal charges followed, and a grand jury in the District of Maryland indicted Higgs and his co-conspirator, Willie Mark Haynes, for three counts of each of the following: first-degree premeditated murder (18 U.S.C. § 1111(a)), first-degree murder committed in the perpetration of kidnapping (18 U.S.C. § 1111(a)), kidnapping resulting in death (18 U.S.C. § 1201(a)), and using a firearm in the commission of a crime of violence (18 U.S.C. § 924(c)). The jury returned guilty verdicts across the board, and Higgs received nine death sentences, along with a 45-year consecutive sentence for his use of a firearm during the crimes. The Fourth Circuit provided a detailed factual account of the crimes, the trial, and the sentencing proceeding in its opinion affirming Higgs's convictions and sentences in full. See *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003).

Higgs then sought relief under 28 U.S.C. § 2255 in the District of Maryland, advancing a *Brady* claim on the basis that the government failed to disclose substantial impeachment information about its key trial witness, Victor Gloria. See *Higgs v. United States*, 711 F. Supp. 2d 479 (D. Md. 2010). As part of doing so, Higgs requested documents relating to Gloria's alleged involvement in a Baltimore homicide investigation and the federal government's intervention in that case on Gloria's behalf. Baltimore authorities responded by providing Higgs with a one-page summary report, and the federal government successfully opposed Higgs's discovery request. The district court denied Higgs's § 2255 motion.

In 2012 Higgs renewed his document request to the Baltimore Police Department. This time the police responded by producing a 640-page investigative file, which Higgs received in September 2012. Higgs then filed a motion under Federal Rule of Civil Procedure 60(d) in the District of Maryland, alleging that the government's failure to produce these records earlier amounted to fraud on the court. The district court denied the motion. See *United States v. Higgs*, 193 F. Supp. 3d 495 (D. Md. 2016).

The Fourth Circuit then denied Higgs's request for a certificate of appealability, see *Higgs v. United States*, No. 16-15 (4th Cir. 2017), and the Supreme Court declined review, see *Higgs v. United States*, 138 S. Ct. 2572 (2018) (mem.).

In 2016 Higgs also filed a lawsuit in the Southern District of Indiana seeking to obtain documents contained in various federal files, including those of the FBI and U.S. Park Police, pursuant to the Freedom of Information Act. On appeal we concluded that Higgs had received everything owed him in response to his records request. See *Higgs v. United States Park Police*, 933 F.3d 897 (7th Cir. 2019).

That brings us to 2020. It was then, in December 2020, that Higgs turned to the general federal habeas corpus statute in 28 U.S.C. § 2241 and sought relief and a stay of execution in the Southern District of Indiana—the district of his confinement. He did so by advancing a *Brady* claim based on the records he received in 2012 from the Baltimore Police Department.

B

The district court denied relief. Applying the stay factors from *Nken v. Holder*, 556 U.S. 418, 434 (2009), the district court began by determining that, as a threshold matter, Higgs could not pursue his *Brady* claim under § 2241. For Higgs to show a strong likelihood that he could bring his claim under § 2241, he had to establish that § 2255 was inadequate or ineffective, thereby satisfying the savings clause in § 2255(e). The district court surveyed our savings-clause precedent, and seeing *Webster v. Daniels* as the closest fit to Higgs's situation, analyzed the *Brady* claim under the *Webster* framework. See 784 F.3d 1123, 1139 (7th Cir. 2015) (en banc).

In the end, the district court determined that Higgs could have sought permission to file a second § 2255 request for relief. See 28 U.S.C. § 2255(h)(1). His failure to do so, the district court reasoned, did not render § 2255 structurally inadequate or deficient and therefore did not open any door through which to pursue relief under § 2241. The court then considered the remaining *Nken* factors and concluded that, on balance, a stay of execution was not warranted.

II

In reviewing the district court's denial of Higgs's motion to stay the execution, we too follow and apply the *Nken* factors. In the present circumstances, our analysis focuses largely on the first factor—"whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *Nken*, 556 U.S. at 434.

A

For federal prisoners like Higgs, 28 U.S.C. § 2255 serves as the default statute to pursue post-conviction remedies. "Strict procedures govern" the process by which a prisoner may file a § 2255 motion. *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020). A federal prisoner, for example, must file the motion within a one-year statute of limitations, which runs from four dates specified in the statute, and he is also limited to filing only one motion under § 2255 unless he receives permission to file a second or successive motion from the appropriate court of appeals. See 28 U.S.C. § 2255(f)–(h).

Permission to file another § 2255 motion can come in only two narrow situations when: (1) newly discovered evidence, if proven, would be sufficient to establish innocence, or (2) there is a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See *id.* § 2255(h). In § 2255(e), however, Congress also included a narrow pathway—commonly called the savings clause—for prisoners to seek relief through § 2241. Under the savings clause, a prisoner can seek a writ of habeas corpus under § 2241 *only* when the remedy available through a § 2255 motion is either *inadequate* or *ineffective* to test the legality of the prisoner's detention. *Id.* § 2255(e). In short, "there must be some kind of *structural* problem with section 2255 before section 2241 becomes available." *Webster*, 784 F.3d at 1136 (emphasis added). "[S]omething more than a lack of success with a section 2255 motion must exist" before the savings clause is satisfied." *Id.*

B

Because the savings clause does not apply to Higgs's *Brady* claim, the district court correctly concluded that Higgs cannot make a strong showing that he can seek relief under § 2241. Several interrelated considerations lead us to this conclusion.

*First*, Higgs could have pursued relief under § 2255(h)(1) after obtaining the 640-page file from the Baltimore Police Department in 2012. By its terms, § 2255(h)(1) allows the filing of a second or successive § 2255 motion where the petitioner presents "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Because § 2255(h)(1) offered a pathway for Higgs to pursue his *Brady* claim for post-conviction relief, we cannot conclude that § 2255 is "inadequate or ineffective to test the legality of his detention" in the circumstances present here. 28 U.S.C. § 2255(e).

*Second*, Higgs's failure to timely raise his renewed *Brady* claim under § 2255(h)(1) does not prove that a remedy under § 2255 is inadequate or ineffective. At least in these circumstances, Higgs's failure to comply with § 2255, including its time limitations, is not a structural defect of the statute. He needed to renew his request for habeas relief within one year of receiving the new production of documents from the Baltimore police in 2012. See *id.* § 2255(f)(4). Higgs did not do so. And even if we did take account of Higgs's effort to seek relief under Rule 60(d) between 2015 and 2018, he still waited under December 2020 to seek relief under § 2241 in the Southern District of Indiana.

*Third*, Higgs's inability to succeed on the merits of his claim does not itself establish a structural deficiency in § 2255. In Higgs's view, he cannot meet the "demanding standard" of § 2255(h)(1), because the impeachment value of the suppressed evidence "does not, by itself, constitute affirmative evidence of innocence, let alone by the clear and convincing evidence standard required by the statute." Pet'r's Br. 26–27. That may well be, but Higgs's lack of success does not show structural infirmity with § 2255. See *Webster*, 784 F.3d at 1136 ("[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied.").

## III

Because the savings clause does not apply to Higgs's *Brady* claim, he has not shown a strong likelihood that he can pursue relief under § 2241. Having considered the remaining *Nken* factors, we agree with the district court that a stay is not warranted.

AFFIRMED